# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BAILEY, et al.,

    Plaintiff,

vs.

CLARK COUNTY, et al.,

    Defendants.

Case No. 2:12-cv-01954-JCM-CWH

**ORDER**

    Defendants Suey, Flippo, and Kelso have removed this action from state court, and defendant Aspiazu has joined in the removal. These defendants have filed an answer (#9).

    The court has reviewed the complaint. It will dismiss three defendants and some legal claims.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

Plaintiffs have named the Clark County Detention Center as a defendant. Plaintiffs claim incorrectly that the Clark County Detention Center is a public entity established by the laws of the State of Nevada. It is not. The Clark County Detention Center is an inanimate building, and plaintiffs cannot sue a building. The court dismisses the Clark County Detention Center.

Plaintiffs have sued Clark County and Lt. Kelly, who is an officer at the Clark County Detention Center. Plaintiffs do not allege any involvement of Clark County in any cause of action. Other than allegations that somebody else failed to train Lt. Kelly, plaintiffs do not allege any personal involvement by Lt. Kelly in any cause of action. The court dismisses Clark County and Lt. Kelly.

Plaintiffs attempt to raise claims pursuant to 18 U.S.C. §§ 241 and 242, and Nev. Rev. Stat. §§ 212.010, 212.020, and 252.190. None of these sections create a private right of action. The court dismisses any claims pursuant to these sections.

Plaintiffs attempt to raise claims pursuant to the Fourth Amendment. They allege that they are being deprived of outdoor exercise and proper ventilation. Those allegations do state a claim upon which relief can be granted. Keenan v. Hall, 83 F.3d 1083, 1089-90 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). However, the legal bases for these allegations are the Eighth Amendment, if the plaintiffs are convicted inmates, or the Fourteenth Amendment, if the plaintiffs are pre-trial detainees. The Fourth Amendment is inapplicable to these allegations. The court dismisses any claims pursuant to the Fourth Amendment.

Plaintiffs have submitted a motion for appointment of counsel (#8).

There is no constitutional right to appointed counsel in a § 1983 action. However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915[(e)(1)]. To decide whether these exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.

Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotations and citations omitted), withdrawn on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The court finds that exceptional circumstances do not exist in this case, and the court denies the motion.

IT IS THEREFORE ORDERED that defendants Clark County, Clark County Detention Center, and Lt. Kelly are **DISMISSED** from this action.

IT IS FURTHER ORDERED that plaintiffs' claims pursuant to 18 U.S.C. §§ 241 and 242, Nev. Rev. Stat. §§ 212.010, 212.020, and 252.190, and the Fourth Amendment are **DISMISSED** from this action.

IT IS FURTHER ORDERED that plaintiffs' motion for appointment of counsel (#8) is **DENIED**.

IT IS FURTHER ORDERED that this action shall proceed in accordance with the court's minute order (#3) and the answer (#9) of the remaining defendants.

DATED: December 7, 2012.

_____
JAMES C. MAHAN
United States District Judge