# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY BAILEY, *et al.*,  )
            Plaintiffs,  )    Case No.  2:12-cv-01954-JCM-CWH
            )
vs.  )    **ORDER**
            )
CPT. RICH SUEY, *et al.*,  )
            Defendants.  )

This matter is before the Court on Plaintiff's Motion for Reconsideration (#23), filed January 24, 2013.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

1       (6) any other reason justifying relief from the operation of the judgment.

2 Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin*
3 *Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a
4 party must set forth facts or law of a strongly convincing nature to induce the court to reverse its
5 prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal.
6 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of
7 the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall
8 be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R.
9 Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court
10 is presented with newly discovered evidence, committed clear error, or if there is an intervening
11 change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting*
12 *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

13       The Court may also exercise its inherent power to revise, correct, and alter interlocutory
14 orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d
15 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir.
16 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue
17 previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v.*
18 *Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d
19 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when
20 (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the
21 evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a
22 manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114. A motion for reconsideration
23 is properly denied when the movant fails to establish any reason justifying relief. *Backlund v.*
24 *Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985).

25      It appears that Plaintiff is requesting reconsideration of this Court's prior order (#21)
26 denying his motion to appoint counsel. In denying the prior motion, the Court found that the
27 "exceptional circumstances" necessary to support appointment of counsel "do not exist in this
28 case." This finding was consistent with another order denying a request for court appointed

counsel. *See* Order (#14) at 3:7. As the Court noted, Plaintiff presented nothing in his prior motion (#17) to support the conclusion that "exceptional circumstances," which did not exist at the time his initial request for counsel, now existed. Plaintiff now claims that the undersigned's prior order was clearly erroneous because (1) the court will not "play fair" unless Plaintiff obtains appointed counsel, (2) Plaintiff does not have the means to prosecute his case, and (3) there is evidence supporting his claims. None of the reasons proffered by Plaintiff support reconsideration. Each has been previously considered. This is nothing more than Plaintiff reiterating the same arguments which have already been rejected. A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#23) is **denied**.

DATED this 31st day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**