1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY BAILEY #00683227, et al., | 2:12-CV-1954 JCM (CWH) |
| Plaintiff(s), | |
| v. | |
| CLARK COUNTY, NEVADA, et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is *pro se* prisoner plaintiff Anthony Bailey's motion for class certification. (Doc. #25). Defendants filed a response in opposition (doc. #28), and the plaintiff filed a reply (doc. #29).

**I.      Background**

Anthony Bailey, John Scott, Norman Belcher, and Gabriel Yates are *pro se* prisoner plaintiffs.  They filed this lawsuit on behalf of other inmates and former inmates of the Clark County Detention Center ("CCDC"), and plaintiff Bailey is attempting to certify a class on behalf of the other prisoners.  Plaintiffs allege that they were deprived of fresh air and clean ventilation for lengthy periods of time at CCDC.

**II.     Legal Standard**

A party seeking class certification bears the burden of demonstrating that all four prerequisites of Rule 23(a) and at least one criterion of Rule 23(b) are met. *Conn. Ret. Plans & Trust*

28

**James C. Mahan**
**U.S. District Judge**

1   *Funds v. Amgen. Inc.,* 660 F.3d 1170, 1175 (9th Cir. 2011).   The four prerequisites to class

2   certification under Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

7   *Id.*

8       A class action "may [ ] be certified [only] if the trial court is satisfied, after a rigorous

9   analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. Sw. v. Falcon,*

10   102 S.Ct. 2364, 2372 (1982). "[A]ctual, not presumed, conformance with Rule 23(a) remains . . .

11   indispensable." *Id.* at 2372. "Rule 23 does not set forth a mere pleading standard. A party seeking

12   class certification must affirmatively demonstrate his compliance with the Rule—that is, he must

13   be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of

14   law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

15       The decision to grant or deny a motion for class certification is committed to the trial

16   court's broad discretion. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010).

17   **III.    Discussion**

18       Plaintiff argues that their class is adequately defined, meets the requirements of Rule

19   23(a) and (b). (*See* Doc. #25). Defendants contend those assertions on all points. (*See* Doc. #28).

20   The court will address adequate class definition and the requirements of Rule 23(a) because those

21   issues prove dispositive without the need to address Rule 23(b).

22       **A.    Adequately Defined Class**

23       The class itself must be properly defined.  *Rader v. Teva*, 276 F.R.D. 524, 529 (D.Nev.

24   2011).  The definition must be "precise, objective, and presently ascertainable.  *Id.* (citing *In re*

25   *Wal-Mart Wage & Hour Employment Practices Litig.*, No. 2:06-CV-00225, 2008 WL 3179315,

26   at *20 (D. Nev. June 20, 2008)).  "Generally, it is inappropriate to define a class in such a way

27   that class membership cannot be identified until the merits are resolved." *Benito v. Indymac*

28

James C. Mahan
U.S. District Judge

1  *Mortgage Servs.,* No. 2:09–CV–001218, 2010 WL 2089297 at *2 (D. Nev. May 21, 2010).

2      In this case, the class is not adequately defined because the court would need to make

3  individual determination for each proposed class member regarding whether he or she was

4  denied access to fresh air, the duration of the denial, and the reason for the denial (i.e., was the

5  reason for the denial specific to the prisoner or part of systemic deliberate indifference endemic

6  in the entire facility.

7      The plaintiff simply defines the class as the thousands of inmates that the Clark County

8  Detention Center houses daily.  (Doc. # 25).  The plaintiff provides no temporal or physical

9  limitations on the group of inmates they contend makes up the class.  Without such specificity,

10  the class lacks a definable scope and is too broad to be an adequately defined class.  Because the

11  class asserted by the plaintiff is not precise, objective, or presently ascertainable, the class is not

12  properly defined.

13      **B.      Fed. R. Civ. P. 23(a)**

14          **I.      Numerosity**

15      Numerosity, the first prerequisite of class certification, requires that the class be "so

16  numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1).  While the

17  plaintiff does not have to precisely identify all members that are presently ascertainable, plaintiff

18  must at least establish that there exists a legally definable class that can be ascertained by

19  reasonable efforts.  *See Clay v. American Tobacco Co.,* 188 F.R.D. 483, 490 (S.D. Ill. 1999);

20  *Earnest v. General Motors Corp.,* 923 F. Supp. 1469, 1473 & n.4 (N.D. Ala. 1996).

21      Here, the plaintiff simply identifies the thousands of inmates the Clark County Detention

22  Center maintains daily and the hundreds that come and go each day as the putative class.  (Doc. #

23  25).  Plaintiff makes no attempt to demonstrate that these inmates were subjected to the alleged

24  denial of fresh air and proper ventilation.  Plaintiff has not satisfied Rule 23(a)(1) because

25  plaintiff has made no reasonable estimation of the number of members of the class–he has stated

26  only everyone at CCDC.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

ii.     **Commonality**

Commonality, the second prerequisite of class certification, requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Specifically, the Supreme Court noted that what matters to class certification is not the raising of common questions, but "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc.,* 131 S. Ct., 2551. Further, "dissimilarities with the proposed class are what have the potential to impede the generation of common answers." *Id.*

Here, plaintiff has not established any common questions or how the common questions would be resolved by a common answer. For example, plaintiff has not established that all inmates in a certain cell block are deprived of clean and fresh air. Plaintiff has not alleged that he or a putative class is deprived of fresh air for long periods of time or that, if putative class members are deprived, it is resolvable by any single answer. If any inmates are deprived of fresh air it could be for a number of reasons specific to that particular inmate and have no potential of resolution by a class wide answer. The plaintiffs' complaint, motion for class certification, and reply do not adequately establish common factual and legal ground with the other inmates the plaintiffs say would form the proposed class. (*See* Doc. # 1, 25, and 29).

iii.     **Typicality**

Typicality, the third prerequisite of class certification, requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interests of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

James C. Mahan
U.S. District Judge

- 4 -

1    Plaintiff as a potential class representative cannot meet the undemanding typicality

2  standard.  His claims (and any potential defenses) would be specific to him.  The claims he

3  asserts on behalf of putative class (and any potential defenses) would be dominated by

4  individualized evidence regarding whether the putative class members were subjected to the

5  same treatment as plaintiff for the same reasons (such as deliberate defenses).  Additionally, the

6  individual specific inquiry for each putative class member would require a PLRA inquiry.  The

7  only claim this plaintiff has in common with other putative members is that they all, at one time,

8  were at CCDC.  Such a minimal typical claim does not meet the Rule 23(a)(3) standard.

9        **iv.    Adequate Representation**

10    An adequate representative is one who will "fairly and adequately protect the interests of

11  the class." Fed.R.Civ.P. 23(a)(4). Due process requires that absent class members have an

12  adequate representative. *See Hansberry v. Lee*, 61 S.Ct. 115, 120 (1940). A representative is

13  adequate where: (1) there is no conflict of interest between the representative and her counsel and

14  absent class members; and (2) the representative and her counsel will "pursue the action

15  vigorously on behalf of the class." *Hanlon*, 150 F.3d at 120 (internal citations and quotations

16  omitted).

17    *Pro se* prisoner plaintiffs may not bring class actions because they are not adequate class

18  representatives able to fairly represent and adequately protect the interests of the class. *See*

19  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *see also Russell v. United States*, 308

20  F.2d 78, 79 (9th Cir.1962) (holding "a litigant appearing in propria persona has no authority to

21  represent anyone other than himself").

22    This prisoner has no authority to represent anyone other than himself.  He is not an

23  adequate class representative nor is he an attorney able to litigate this action on behalf of other

24  inmates.  In fact, the Ninth Circuit has noted that this particular prisoner is a vexations litigant

25  and has stated that Bailey's "practice of burdening this court with meritless litigation justifies

26  careful oversight of [his] future litigation in this court."  In re Bailey, no. 12-80059, Order (9th

27  Cir. Apr. 23, 2012).

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.      Conclusion**

The motion for class certification is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for class certification (doc. #25) be, and the same hereby is, DENIED.

DATED June 18, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 6 -