# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| ANTHONY BAILEY, et al., | 2:12-CV-1954 JCM (CWH) |
|---|---|
| Plaintiff(s), | |
| v. | |
| CLARK COUNTY, NEVADA, et al., | |
| Defendant(s). | |

# ORDER

Presently before the court is non-party Andre King-Hardiman's motion for reconsideration. (Doc. # 56). King-Hardiman moves the court to reconsider the following orders: doc. ## 37, 38, 40, 41, 42, 43, 44, 47, 48 and 50.

King-Hardiman does not identify what rule(s) he is bringing the instant motion under, instead labeling his motion as an "appeal." Likewise, he does not discuss the applicable standard of review. Upon review, the court will construe the instant motion as one requesting a district judge's reconsideration of a magistrate judge's order brought pursuant to LR IB 3-1.

"A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case...where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." LR IB 3-1(a). There are three grounds justifying reconsideration: (1) an intervening or change in controlling case law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent manifest injustice. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**James C. Mahan**
**U.S. District Judge**

1    Despite his assertions to the contrary, King-Hardiman is not presenting the motion based on
2 one of the recognized grounds for a motion for reconsideration. Instead, he simply hopes the court
3 will arrive at a different conclusion if it revisits the issue. This is not the purpose of a motion for
4 reconsideration. *See Teller v. Dogge*, no. 2:12-cv-591-JCM-GWF, 2013 WL 508326, at *6 n. 6 (D.
5 Nev. Feb. 8, 2013) ("Motions for reconsideration are not appropriate when a party wants the court
6 to think about the issue again in the hope that the court will come out the other way the second
7 time.").

8    Rather than present a valid basis for reconsideration, King-Hardiman apparently takes issue
9 with the magistrate's interpretation of the applicable federal rules. King-Hardiman has not shown
10 that the magistrate's rulings were clearly erroneous or contrary to law. Instead, his objections simply
11 demonstrate a manifest lack of understanding of the rules. For example, King-Hardiman seeks
12 reconsideration of orders denying motions *filed by other non-parties seeking to join*. (*See, e.g.*, doc.
13 ## 43, 47, 48). In addition, he seeks reconsideration of stricken notices and denied motions filed by
14 a named plaintiff, Anthony Bailey. (*See, e.g.*, doc. ## 37, 38, 40, 41).

15    As has been previously noted on multiple occasions, *this is not a class action*. Indeed, the
16 motion for class certification was denied. (*See* doc. # 40). As the magistrate judge very clearly
17 stated, "[c]ontrary to King-Hardiman's position, he has not been denied access to the court or
18 precluded from raising his claims. He has simply been precluded from joining this case...if King-
19 Hardiman wishes to file suit based on the inadequacy of conditions related to his confinement, he
20 must do so separately and in full compliance with the applicable statutes and rules." (Doc. # 53).

21    Although the court recognizes King-Hardiman is acting in *pro se*, "*pro se* litigants in the
22 ordinary civil case should not be treated more favorably than parties with attorneys of record."
23 *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986). King-Hardiman is hereby warned that, as
24 a non-party to this action, any future renegade documents filed by him in this action will be stricken
25 without consideration.
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that non-party Andre King-Hardiman's motion for reconsideration (doc. # 56) be, and the same hereby is, DENIED.

DATED December 17, 2013.

*[signature]*
UNITED STATES DISTRICT JUDGE