**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY BAILEY, *et al.*,               ) | |
| ) | |
| Plaintiffs,     ) | Case No.  2:12-cv-01954-JCM-CWH |
| ) | |
| vs.                                                   ) | **ORDER** |
| ) | |
| CPT. RICH SUEY, *et al.*,                 ) | |
| ) | |
| Defendants.   ) | |

This matter is before the Court on Defendants' Motion to Enforce Payment Fees on Plaintiffs John Scott, Norman Belcher, and Gabriel Yates (#33), filed April 19, 2013.  None of the Defendants to whom the motion applies has filed a response.  Defendants' motion (#33) is part of a larger motion seeking to revoke the *in forma pauperis* status of Plaintiff Anthony Bailey and declare him a vexatious litigant.  (#32).  Defendants position is that Plaintiffs Scott, Belcher, and Yates are merely "coat-tailing the prosecution of this case through Plaintiff Bailey."  Given this ancillary role, Defendants assert that the Plaintiffs, other than Mr. Bailey, should be required to pay the filing fee or submit petitions to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  Plaintiffs Scott, Belcher, and Yates appear to have signed the complaint in hopes to participate in a putative class action.  The motion for class certification, however, was denied and Plaintiffs informed that "[*p*]*ro se* prisoner plaintiffs may not bring class actions because they are not adequate class representatives ."  (#40).  The Court further informed Plaintiffs that a "prisoner has no authority to represent anyone other than himself." *Id*.  It has long been the case that non-attorney pro se litigant may not represent other parties in litigation in federal court.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (citing

numerous cases barring pro se litigants from representing other parties.

Though obvious, it bears repeating: Plaintiff Anthony Bailey may not represent the interests of others appearing before this Court. As such, it is clear that neither Plaintiff Scott, Belcher, nor Yates filed an opposition to Defendants' motion (#33).[1] Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Accordingly, the Court will grant Defendants' motion as follows: Plaintiffs Scott, Belcher, and Yates will be ordered to show cause, in writing, why they should not have to either pay the filing fee or submit individual applications to proceed *in forma pauperis*.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Enforce Payment Fees on Plaintiffs John Scott, Norman Belcher, and Gabriel Yates (#33) is **granted**. Plaintiffs Scott, Belcher, and Yates are ordered to **SHOW CAUSE**, in writing, why they should not have to pay the filing fee or submit individual applications to proceed *in forma pauperis*. The show cause briefing is due not later than **Tuesday, January 21, 2014**. Defendants response, if any, shall be filed by **Friday, January 24, 2014**. Unless further ordered, no replies will be considered. **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT PLAINTIFFS SCOTT, BELCHER, AND YATES BE DISMISSED FROM THIS LAWSUIT**.

DATED: January 8, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[1] Though Plaintiff Bailey filed a response (#34), he is not authorized to submit filings on behalf of the other named Plaintiffs.