1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY, et al., | 2:12-CV-1954 JCM (CWH) |
| Plaintiff(s), | |
| v. | |
| CAPT. SUEY, et al., | |
| Defendant(s). | |

### ORDER

Presently before the court is *pro se* plaintiff John Scott's "motion for an order to show cause for a preliminary injunction and temporary restraining order." (Doc. # 89). Defendants have filed a response in opposition. (Doc. # 94).

Also before the court is *pro se* plaintiff Anthony Bailey's "motion for the court to appoint an E.P.A. monitor to preserve asbestos evidence." (Doc. # 97). Although defendants have not yet filed a response, the court finds the frivolous nature of the motion does not warrant one.

Plaintiffs are pre-trial detainees incarcerated at the Clark County Detention Center ("CCDC"). Plaintiffs' primary complaints are with regards to the lack of access to direct sunlight and air quality within the CCDC. Plaintiffs seek an order enjoining the CCDC from continuing the ongoing renovation of the structure's north tower. According to plaintiffs, the renovation will destroy evidence crucial to their claims regarding air quality.

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is

therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986)

With respect to preliminary injunctions, the Supreme Court has stated that courts must evaluate the following factors: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

The court has considered the *Winter* factors and concludes plaintiffs have not demonstrated they enjoy a sufficient likelihood of success to warrant the extraordinary remedy they seek.

Plaintiffs baldly assert that there is asbestos within the ventilation system at CCDC, and that "rumored employees" have developed cancer as a result. Plaintiffs' allegations are wholly unsubstantiated.

The court will not enjoin the ongoing renovation of the detention center on the basis of rumors and unsupported allegations.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff John Scott's "motion for an order to show cause for a preliminary injunction and temporary restraining order" (doc. # 89) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Anthony Bailey's "motion for the court to appoint an E.P.A. monitor to preserve asbestos evidence" (doc. # 97) be, and the same hereby is, DENIED.

DATED April 14, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**