UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CPT. RICH SUEY, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:12-cv-01954-JCM-CWH <br><br> **Report & Recommendation/Order** |

This matter is before the Court on Plaintiff John Scott's Motion/Application to Proceed *In Forma Pauperis* (#74), filed January 28, 2014.

## BACKGROUND

**I.    In Forma Pauperis Application**

This case was initially removed from state court on November 13, 2012. (#1). Defendants filed their answer on November 26, 2012. (#9). In its screening order, the Court determined that Plaintiffs had adequately alleged claims under either the Eighth or Fourteenth Amendment for the alleged deprivation of outdoor exercise and proper ventilation within the jail facility. (#14) at 2:21-27. All other claims were dismissed, including Plaintiffs' claims for relief pursuant to 18 U.S.C. §§ 241 and 241, Nev. Rev. Stat. §§ 212.010, 212.020, and 252.190, and claims made under the Fourth Amendment. Shortly thereafter, after his second request for appointment of counsel was denied, Plaintiff Anthony Bailey filed a motion for class certification. (#25). The motion for class certification was also denied, and it was held that "[P]*ro se* prisoner plaintiffs may not bring class actions because they are not adequate class representatives able to fairly represent and adequately protect the interests of the class." (#40) at 5:17-21. The Court further noted Plaintiff Anthony

Bailey (1) had no authority to represent anyone other than himself, (2) was not an adequate class representative, and (3) had been previously warned by the Ninth Circuit about his vexatious litigation tactics. Id. at 5:22-27.

Prior to the order on class certification, Defendants filed a motion to enforce the payment of filing fees on Plaintiffs Scott, Belcher, and Yates. (#33). The motion was unopposed and, therefore, granted. (#66). As a result, Plaintiffs Scott, Belcher, and Yates were ordered to show cause why they should not have to pay the filing fee or submit individual *in forma pauperis* petitions. Plaintiffs were specifically warned that failure to submit a show cause brief would result in the recommendation that their claims be dismissed. After a modest extension of time in which to file, Plaintiff John Scott filed his motion/application to proceed *in forma pauperis* (#74), which is the subject of this order. Plaintiffs Belcher and Yates did not file applications to proceed *in forma pauperis* and did not file any briefing setting forth argument as to why they should be considered exempt from having to do so.

The Court has had an opportunity to review the application to proceed *in forma pauperis* (#74) submitted by Defendant John Scott. He has submitted the affidavit required by 28 U.S.C. § 1915(a)(1) and (2) demonstrated an inability to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). However, pursuant to section 1915, he will be required to make monthly payments toward the full filing fee. The Court need not screen the complaint at this time, as it has already been screened and determined that Plaintiff adequately pled the claims identified in the Court's screening order (#14).

**II.     Dismissal of Plaintiffs Norman Belcher and Gabriel Yates**

The Court will, however, recommend that the claims set forth by Plaintiffs Belcher and Yates be dismissed. As noted, the neither Plaintiff Belcher nor Plaintiff Yates complied with the Court order to submit a separate application to proceed *in forma pauperis*, which is required. *See Lewis v. Nevada*, 2014 WL 65799 *2 (D. Nev.) (noting that the courts that have considered the issue have all agreed "that this statutory requirement of full payment of the filing fee remains applicable when multiple prisoners seek to join as co-plaintiffs in a single action, such that each

prisoner still must pay the full filing fee.") (citations omitted).  Additionally, neither complied with the Court's order to show cause why the requirement to pay the filing fee or submit an *in forma pauperis* application should not apply to them.

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.  It is with that charge at the forefront that this Court construes and administers the Federal Rules.  The rules provide several mechanisms whereby courts can accomplish this goal through the use of sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings.  Rule 16 is a central pretrial rule that authorizes courts to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).  "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id*.  Rule 16(f) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order."  Potential sanctions under Rule 37(b)(2)(A)(ii)-(vii) include dismissal.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances.  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).  Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1226 (internal citations and quotations omitted).  "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id*. (citing *Valley Eng'rs v.*

3

*Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors.  *Id*.  A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions."  *Id*.  (internal citations and quotations omitted).

### 1. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process."  *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227.  Here, Plaintiffs did not comply with the Court's order and, other than filing the complaint, have not participated in any fashion since the inception of the case almost three years ago.  The Court has been patient in allowing participation, but the failure to do so for almost three years is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action.

### 2. Court's Need to Manage Its Docket

It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted).  As the Supreme Court has held, the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).  Plaintiffs have been given every opportunity to proceed in this matter, including significant time, but have failed to do so.  The failure to participate has made it difficult for this case to move forward and for the Court to effectively manage its docket.

### 3. Risk of Prejudice to the Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *Thoeren*, 913 F.2d at 1413.

The failure to meaningfully participate or satisfy the threshold obligation to proceed under section 1915 for approximately three years is prejudicial.

### 4. Public Policy

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id*. Because Plaintiffs are responsible for moving their case forward, the conduct in causing delay and thwarting progress supports dismissal.

### 5. Less Drastic Sanctions

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131 (citation omitted). Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id.* at 132. Less drastic sanctions would not be effective in this case. Plaintiffs have failed to comply or otherwise acknowledge the Court's order. This matter has been pending for almost three years and Plaintiffs have been provided every opportunity to avoid dismissal by participation. Plaintiffs were specifically warned that their failure to comply with the Court's order would result in a recommendation that they be dismissed as plaintiffs in this matter. The failure to respond to the order or make any other attempt at participation leaves the Court to surmise that Plaintiffs have abandoned their claims and have no intention of moving forward.

**III**. **Discovery Plan and Scheduling Order**

This case has been stalled for several months, apparently as the parties wait for a determination on the request to declare Plaintiff Anthony Bailey a vexatious litigant and a determination on this IFP application. Now that the IFP application has been approved, any impediment to discovery have been removed. A decision on the pending motion to revoke Plaintiff Anthony Bailey's IFP status (#80) is forthcoming. Regardless of the result of that particular motion, the Court has previously determined that Plaintiff John Scott filed a viable complaint and

he has now been approved to proceed *in forma pauperis* and discovery should move forward.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff John Scott's Motion/Application to Proceed *In Forma Pauperis* (#74) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the following Scheduling Order:

1. Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed by **September 16, 2014**. Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

2. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served by **September 16, 2014**.

3. Any discovery motions shall be filed and served by **October 6, 2014**.

4. Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than **thirty days after the close of discovery.**

5. Unless otherwise ordered by the Court, Any motion filed beyond the time limit fixed by this Scheduling Order shall be stricken.

6. **DISCOVERY:** Pursuant to LR 16-1(b), discovery in this action shall be completed on or before **Thursday, October 16, 2014**.

7. **EXTENSIONS OF DISCOVERY:** Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least **twenty-one days** prior to the date fixed for completion of discovery by this Scheduling Order, or at least **twenty-one days** prior to this expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

(a) A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

1     (b)     A specific description of the discovery which remains to be completed;

2     (c)     The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

4     (d)     A proposed schedule for the completion of all remaining discovery.

5     8.     In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order.  Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 4 of this Order.

10     9.     **PRETRIAL:** Pursuant to LR 16-3(a), the Clerk shall issue a Pretrial Notice Order five days after the date for filing motions for summary judgment or all motions for summary judgment are denied, whichever is later.

13     10.     Any party who desires an amendment to this Scheduling Order shall, within **sixty days** hereof, file and serve a statement of proposed amendments and the reasons therefor.  Each other party shall have **fifteen days** within which to file and serve a response thereto.  After expiration of the sixty-day period, any amendment of this Scheduling Order shall be granted only upon motion and good cause shown.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the claims asserted by Plaintiffs Norman Belcher and Gabriel Yates be **dismissed**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153,

1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: July 18, 2014.

                                                              _____
                                                              **C.W. Hoffman, Jr.**
                                                              **United States Magistrate Judge**