UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY BAILEY, *et al*.,

        Plaintiffs,

vs.

CPT. RICH SUEY, *et al*.,

        Defendants.

Case No. 2:12-cv-01954-JCM-CWH

**ORDER**

        This matter is before the Court on Defendants' Motion to Revoke Plaintiff Anthony Bailey's *In Forma Pauperis* Status and Declare him a Vexatious Litigant (#80), filed February 14, 2014. Defendants' motion and attached exhibits are voluminous. The initial motion (#32) requesting the same relief was denied without prejudice for failure to comply the Court's Local Rules regarding the filing of exhibits. (#79). Because the denial was based on an adminsitrative error, no substantive changes were made to the underlying motion. Therefore, additional briefing was not required. Consequently, the Court has also reviewed Plaintiff Anthony Bennett's Response (#34), filed April 29, 2013, and Defendants' Reply (#35), filed May 9, 2013.

## **BACKGROUND**

        Defendants' motion is straightforward and makes two requests for relief. First, Defendants request an order revoking Plaintiff Anthony Bailey's ("Bailey") *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). Second, Defendants request that the Court exercise its inherent authority to declare Bailey a vexatious litigant and restrict future filings based on Bailey's "flagrant abuse of the judicial process" over the course of several years and several cases. Bailey is a prisoner with a long litigation history, both in this court and the Ninth Circuit. Throughout this history Bailey "has

become as adept as the best attorney at accessing the courthouse clerk's office, [but] his success rate on the merits of his cases is much less enviable." *Andrews v. Cervantes*, 493 F.3d 1047, 1049 (9th Cir. 2007). Attached as exhibit D to Defendants' motion (#80), are portions of the record in multiple cases filed by Bailey dating back to the year 1994. Needless to say, Bailey is a prolific litigator as measured solely by volume.

Bailey's response (#34) to the motion is difficult to follow. It appears he opposes the request based on his belief that his case is meritorious. He further asserts that the request to designate him a "vexatious litigant" is libelous and an attack on his First Amendment rights. He accuses Defendants' counsel, whom he characterizes as "corrupt," of generalized discovery violations in an unrelated case. He claims that none of his activity in this case could be accurately described as vexatious or harassing. He claims that any lack of success in his prior suits is more attributable to judicial discrimination than lack of merit. Lastly, he claims the requested relief would be improper because his complaint has already been screened and allowed to proceed after the case was removed from state court.

Defendants' reply reiterates many of the arguments set forth in the original motion. Defendants note that nowhere in his response does Bailey dispute the information set forth in the motion summarizing thirty-six (36) cases he has filed in this court and the Ninth Circuit. They further note that the only response to Bailey's "prodigious and meritless litigation history" is baseless claims of judicial misconduct and discrimination. They argue that "Plaintiff cannot demonstrate the existence of a valid underlying claim" in this matter. Noting that the undisputed litigation history shows that Plaintiff long ago exceeded "three strikes" under 28 U.S.C. § 1915(g), Defendants conclude that the appropriate remedy is to "revoke the privilege the state court afforded Plaintiff to proceed in this case *in forma pauperis*." They further conclude that, absent a declaration that he is a vexatious litigant with accompanying pre-filing conditions, Plaintiff will simply abuse the judicial system.

## DISCUSSION

**1. 28 U.S.C. § 1915(g)**

Defendants have done an admirable job setting for the general protocol for resolution of

motions to revoke *in forma pauperis* status pursuant to Section 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Normally, an individual must pay a filing fee to commence litigation in federal court. 28 U.S.C. § 1914. Section 1915, however, allows a district court to waive the filing fee for most individuals unable to afford it upon submission and approval of an application to proceed *in forma pauperis*. The Prisoner Litigation Reform Act of 1995 (PLRA) enacted several reforms to "reduce the quantity and improve the quality of prisoner suits." *Jones v. Brock* 549 U.S. 199, 203-04 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). One of those reforms is found in Section 1915(g), which has come to be known as the "three strikes rule." *Cervantes*, 493 F.3d at 1049.

The Ninth Circuit has given clear guidance on how to determine whether a particular case or outcome counts as a "strike" for purpose of Section 1915(g). *See generally Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005). The party seeking to challenge a prisoner-plaintiff's IFP status bears the initial burden to "produce documentary evidence that allows the district to conclude the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" *Id*. at 1120. Once the initial burden is met, the burden shifts to the prisoner to rebut or explain why a prior dismissal should not count as a "strike." *Id*. "Not all unsuccessful cases qualify as a strike under [Section] 1915(g)." *Id*. at 1121. The reviewing court must carefully evaluate the order dismissing a previous action or appeal along with any other information, to determine whether the action or appeal was dismissed because it was frivolous, malicious or failed to state a claim. *Id*. An action or appeal is frivolous "if it is 'of little weight or importance: having no basis in law or fact.'" *Id*. (quoting Webster's Third New International Dictionary 913 (1993)). An action or appeal is malicious "if it was filed with the 'intention or desire to harm another.'" *Id*. (quoting Webster's Third New International Dictionary 1367 (1993)). An action fails to state a claim if it is dismissed pursuant to the standard set forth in Federal Rule of

Civil Procedure 12(b)(6). *Id*.

The undersigned has reviewed Defendants' request and attached materials and, though Defendants have done an excellent job identifying and reviewing Plaintiff's lengthy litigation history, they have not answered the critical initial question: Pursuant to Section 1915(g), can the Court revoke *in forma pauperis* status bestowed in state court prior to removal.[1] There is very little case law on the question, but other district courts within the Ninth Circuit have been confronted with the issue and determined that there is no authority to revoke *in forma pauperis* status granted by a state court prior to a case being removed to federal court. *See Ransom v. Vogel*, 2013 WL 3968338, n. 1 (E.D. Cal.) (finding that even though plaintiff had previously been deemed a prisoner with three strikes or more and unable to proceed *in forma pauperis* under Section 1915(g), the defendants payment of the filing fee upon removal made "[p]laintiff's status" irrelevant to the action); *Ransom v. Aguirre*, 2013 WL 1338811, n. 1 (E.D. Cal.) (same); *Ransom v. Aguirre*, 2013 WL 398903, n. 1 (E.D. Cal.) (same); *Carrea v. California*, 2010 WL 3984832 *8 (C.D. Cal.) (same).

In *Carrea*, the court indicated that the Section 1915(g) motion brought after removal presented "substantial evidence" that the prisoner had well exceeded three strikes within the meaning of Section 1915(g). However, it declined to revoke *in forma pauperis* after removal because it was the removal, not any action by the prisoner, that caused the action to filed in federal court. Thus, as a consequence of removal, "there was, and is, no need for plaintiff to seek leave to proceed without prepayment of the filing fee pursuant to Section 1915." *Carrea*, 2010 WL 3984832 *8. *Carrea* acknowledged the "curious" and "troubling" nature of the circumstances, but determined that Section 1915(g) could not rectify the scenario where a defendant elects to remove a case filed by a plaintiff *in forma pauperis* in state court even though the plaintiff could have been denied leave to proceed *in forma pauperis* under Section 1915(g) had the case originally been filed by the plaintiff in federal court. Thus, though Defendants present substantial evidence that Plaintiff

---

[1] Defendants acknowledge in their moving papers that *in forma pauperis* status was granted by the state court prior to this matter being removed.

has incurred three strikes under Section 1915(g), they have not demonstrated that Section 1915(g) is applicable in circumstances where a prisoner files suit in state court and the defendants elect to pay the filing fee and remove the matter to federal court. Consequently, the request to revoke Plaintiff's *in forma pauperis status* granted by the state court prior to removal is denied.

**2. Vexatious Litigant**

Pointing to Plaintiff's "long standing practice of filing baseless, far-fetched and exaggerated civil claims at police and correctional agencies," Defendants request that Plaintiff be designated as a vexatious litigant and pre-filing restrictions imposed. The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citation omitted). Under the All Writs Act, a district court may order a person with lengthy histories of abusive litigation practices to obtain leave of the court before filing any future lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski*, 500 F.3d at 1057 (citing *De Long*, 912 F.2d at 1148). The Ninth Circuit has cautioned that vexatious litigant orders are an extreme remedy and should rarely be entered. *De Long*, 912 F.2d at 1148 (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523-26 (9th Cir. 1984). This is because such an order restricts access to the courts, that is, the litigant's "final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also must be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (citation omitted). In determining whether a pre-filing order is appropriate, courts consider four factors: (1) notice and an opportunity to be heard prior to designation as a vexatious litigant, (2) an adequate record listing the cases and motions relied upon to designate the litigant vexatious, (3) substantive findings as to the frivolous and harassing nature of the litigant's actions, and (4) a narrowly tailored order to fit the specific vice encountered. *Molski*, 500 F.3d at 1057-58. The first two requirements are procedural and define "[a] specific

method or course of action" that district courts should assess in determining whether a litigant is vexatious. *Molski*, 500 F.3d at 1058. The latter two are "substantive consideration ... [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id*. The third factor, substantive findings as to the frivolous and harassing nature of the litigant's actions, is the "heart of the vexatious litigant analysis." *Id*. at 1059.

In this matter, Plaintiff has received the requisite notice because he received notice of the motion requesting he be declared a vexatious litigant and was given the opportunity to respond. *Molski*, 500 F.3d at 1058 (finding that notice of the motion and opportunity to respond is sufficient to satisfy the first factor). There is no debate regarding Plaintiff's extensive litigation history. However, the undersigned finds that Defendants have not satisfied the third factor and, therefore, the request to declare Plaintiff a vexatious litigant fails. To establish that a litigant's actions are frivolous or harassing, courts "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148. Defendants have catalogued Plaintiff's extensive litigation history, but have failed to acknowledge that the complaint in this matter has been screened pursuant to 28 U.S.C. § 1915. The Court has determined that, in this matter, Plaintiff adequately alleged claims under either the Eighth or Fourteenth Amendment for the alleged deprivation of outdoor exercise and proper ventilation within the jail facility. (#14) at 2:21-27. All other claims were dismissed, including Plaintiffs' claims for relief pursuant to 18 U.S.C. §§ 241 and 241, Nev. Rev. Stat. §§ 212.010, 212.020, and 252.190, and claims made under the Fourth Amendment.

The Court is mindful that "[f]rivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions. Just as bringing a completely baseless claim is frivolous, so too a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski*, 500 F.3d at 10-60-61. As measured by degree, the fact that Plaintiff's prior lawsuits may have been baseless or exaggerated does not render the current lawsuit such. The simple fact that the plaintiff has filed a

large number of complaints does not make him a vexatious litigant. *Id* at 1061. There is nothing inherently vexatious in Plaintiff's current lawsuit as screened. Vexatious litigant orders are an extreme remedy and should be rarely be entered. On the record here, the Court finds such an order is not appropriate. "An injunction cannot issue merely upon a showing of litigiousness." *Moy*, 906 F.2d at 470.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendants' Motion to Revoke Plaintiff Anthony Bailey's *In Forma Pauperis* Status and Declare him a Vexatious Litigant (#80) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Statements (#107) is **denied as moot**.

DATED: August 11, 2014.

                                            **C.W. Hoffman, Jr.**
                                            **United States Magistrate Judge**