UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.  2:12-cv-01954-JCM-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CPT. RICH SUEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

      This matter is before the Court on Plaintiff Anthony Bailey's Motion to Compel (#120), filed September 18, 2014, and Defendants' Response (#121), filed October 6, 2014.  Plaintiff did not file a timely reply.

      By way of his current motion, Plaintiff Anthony Bailey seeks an order compelling Defendants to produce several items pursuant to what he has identified as his "combined discovery requests" made pursuant to Federal Rules of Civil Procedure 33, 34, and 36.  Specifically, he requests that Defendants produce: (1) EPA reports prior to construction by an unnamed company on the jail facility, (2) photographs of all vents in the "north tower" on floors 2-9, certified by an entity not employed by the jail, (3) copies of Nevada Revised Statutes governing the Clark County Commissioners and Sheriff's responsibilities for maintenance of jail facilities, (4) identities of all correctional officers who have made presumptive disease claims based on work in the jail, and (5) copies of certain sections of the Las Vegas Metropolitan Police Department's forensic quality manual.

      Defendants oppose the motion on several grounds.  First, they assert that Plaintiff did not make any effort to meet and confer or otherwise personally consult with Defendants prior to filing the motion.  Second, they note that the motion does not set forth the text of the discovery originally sought and the responses thereto.  Third, they assert that Plaintiff did not serve proper discovery

requests and, even if he had, the requests are either irrelevant or seek production of information not in the custody, possession, or control of Defendants. For these reasons, Defendants request that the motion be denied as both procedurally and substantively flawed.

The Court agrees with Defendants. Plaintiff's motion is both procedurally and substantively flawed and will be denied. Plaintiff is a frequent litigator and is well aware that, though proceeding *pro se*, he is not relieved from complying with all applicable rules. Courts broadly construe pleadings filed by *pro se* litigants, but even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *See e.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). *Pro se* litigants are not treated more favorable than parties with attorneys of record, and are expected to abide by the rules of the court in which the litigation proceeds. *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

A party seeking to compel disclosures or discovery must certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's Local Rules require a moving party to personally consult with the person or party failing to make disclosure or discovery prior to bringing any discovery motion. Local Rule 26-7(b). Both the meet and confer requirement of Rule 37 and the personal consultation requirement of LR 26-7(b) serve important purposes. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id*. In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes."

The undersigned is mindful that Plaintiff is incarcerated, which necessarily limits the potential formats for accomplishment of the consultation process. However, it does not eliminate the requirement that it be satisfied. In the normal case, the Court would expect the parties to meet and confer either in person or telephonically prior to the motion being filed. It has long been true

that, absent compelling circumstances, the mere exchange of letters has long been seen as insufficient to satisfy the "personal consultation" requirement. *See e.g.*, *Hunter v. Moran*, 128 F.R.D. 115 (D. Nev. 1989). Normally, the exchange of letters is an "inadequate means" through which counsel may attempt to confer. However, where one of the parties is a prisoner, as here, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or by exchanging letters. There is nothing to suggest that Plaintiff satisfied the conferral requirement prior to filing this motion and, consequently, the motion is denied for failure to comply with the requirements of Rule 37(a)(1) and Local Rule 26-7(b).

Defendants are further correct that Plaintiff has not set forth in full the text of the discovery originally sought. The only identifiable discovery requests are attached as an exhibit and are limited to Rule 36 requests, to which Defendant responded. There are no Rule 33 or Rule 34 requests that have been set forth, nor does it appear there are any that have been propounded. Consequently, the motion is denied under Local Rule 26-7(a) as well.

Having determined that Plaintiff's motion should be denied for failure to comply with the foregoing rules, the Court declines to address the substance of the documents Plaintiff seeks to compel.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#120) is **denied**.

DATED: October 20, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**