UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY BAILEY #00683227, et al.,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>CLARK COUNTY, NEVADA, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:12-CV-1954 JCM (CWH)<br><br>ORDER |

　　　　Presently before the court is the matter of *Anthony Bailey #00683227, et al. v. Clark County, Nevada, et al.*, case number 2:12-cv-01954-JCM-CWH.

　　　　On January 23, 2015, Magistrate Judge C.W. Hoffman, Jr. entered an order denying without prejudice an application to proceed *in forma pauperis* filed by an individual identified as Tony G. Hewitt for failure to submit a completed application on the appropriate forms. (Doc. # 137). Mr. Hewitt was instructed to file a new, competed application within thirty days and was specifically warned that the failure to do so would result in his application being denied. (Doc. # 137). Over thirty days have passed and Mr. Hewitt has not complied with court's instruction.

　　　　Applicable rules permit a court to dismiss claims or deny relief for failure to comply with court orders. *See In re Phynylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Generally speaking, dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine*, 460 F.3d at 1226 (internal citations and quotations omitted).

"These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors. *Id*. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id*. (internal citations and quotations omitted).

Here, the failure to comply with the court's express instruction does not lend itself to the expeditious resolution of litigation. Mr. Hewitt attempted to join this litigation more than two years after it began. He has been given ample opportunity to proceed in this matter, but has failed to do so. The failure to comply in a timely manner with court orders makes it difficult for the court to effectively manage its docket. *See Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted) (a court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate). Permitting this case to proceed would substantially prejudice defendants, who have successfully obtained summary judgment on the asserted claims. As such, the court concludes that less drastic sanctions are not appropriate and denial of the application to proceed *in forma pauperis* and dismissal of all claims asserted by Mr. Hewitt is appropriate.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all claims asserted by interested party Tony G. Hewitt be, and the same hereby are, DISMISSED. The clerk's office is instructed to close the case and enter judgment in favor of defendants.

DATED March 9, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**